COPY



E-Filing

JUN 28 PM 3:07

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  TIMOTHY A. CANNING  CSB No. 148336
   Law Offices of Timothy A. Canning
2  1125 16th St., Suite 204
   PO Box 4201
3  Arcata, CA 95518
   Telephone: (707) 822-1620
4  Facsimile: (707) 760-3523
   Email: tc@tclaws.com

Attorney for Plaintiff Aldo Maggiora

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3405 MEJ

ALDO MAGGIORA

       Plaintiff,

vs.

ABBEY ASHFORD SECURITIES, INC.,
RAMZY IBRAHIM MOUMNEH,
RAYMOND . IDEC, JR., ANTHONY
M. KENNELL, and DOES 1 through 50,
inclusive,

       Defendants.

Case No.

COMPLAINT FOR DAMAGES

Plaintiff alleges:

**Jurisdiction and Venue**

1) The jurisdiction of this Court is based on Section 1332 of Title 28 of the United States Code, as there is complete diversity of citizenship between plaintiff, on the one hand, and each defendant, on the other hand, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2) Plaintiff is and at all times relevant hereto was a resident of and domiciled in Contra Costa County, California.

3) Plaintiff is informed and believes and thereon alleges that defendant Abbey Ashford Securities, Inc. is a corporation organized under the laws of the State of

1

Florida, and has its principal place of business in Florida.

4) Plaintiff is informed and believes and thereon alleges that defendant Ramzy Ibrahim Moumneh resides and is domiciled in the State of Florida.

5) Plaintiff is informed and believes and thereon alleges that defendant Raymond Idec resides and is domiciled in the State of New Jersey.

6) Plaintiff is informed and believes and thereon alleges that defendant Anthony M. Kennell resides and is domiciled in the State of New York.

7) Venue is proper in this Court pursuant to 28 U.S.C. 1391(a)(2), in that a substantial part of the events or omissions giving rise to this claim occurred in this District, as alleged herein.

**FIRST CAUSE OF ACTION**
(Securities Fraud)
(Against All Defendants)

8) Plaintiff is and at all times relevant hereto was an elder person, as that term is defined in California Welfare & Institutions Code section 15610.27.

9) Defendant Abbey Ashford Securities, Inc. ("ABBEY ASHFORD") is a business entity. Plaintiff is informed and believes and thereon alleges that ABBEY ASHFORD is a corporation, organized and existing under the laws of the State of Florida. At all times relevant to the events alleged herein, ABBEY ASHFORD was a securities broker-dealer member of the National Association of Securities Dealers, Inc. ABBEY ASHFORD is no longer a member of the NASD.

10) Plaintiff is informed and believes and thereon alleges that Defendant Ramzy Ibrahim Moumneh was, at all times relevant hereto, an owner and control person of ABBEY ASHFORD.

11) Plaintiff is informed and believes and thereon alleges that Defendant Raymond C. Idec, Jr., was, at all times relevant hereto, an owner and control person of ABBEY ASHFORD.

12) Plaintiff is informed and believes and thereon alleges that Defendant Anthony M. Kennell was, at all times relevant hereto, an owner and control person of ABBEY ASHFORD.

2

Complaint for Damages

13) Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries alleged in this complaint.

14) Plaintiff is informed and believes and thereon alleges that each defendant named herein was, at all times herein mentioned, acting as the agent of each and every other defendant named herein, and in doing the things herein alleged was acting within the course and scope of such agency and with the permission and consent of each and every defendant.

15) Plaintiff brings this action to recover investment losses sustained as a result of investment advice given to him by defendants, and for investment losses sustained as a result of securities sold to plaintiff by defendants, or purchased for plaintiff by defendants.

16) Plaintiff opened a securities brokerage account with defendant ABBEY ASHFORD in October, 1997. At the time, Plaintiff was 83 years old and his knowledge of investments and financial markets was severely diminished because of his deteriorating mental condition. Suitable investments for Plaintiff would have been those which were safe and which minimized risk to his principal. Plaintiff's primary financial objective with respect to investing his portfolio was preservation of capital. Plaintiff was risk averse and could not afford to invest in speculative investments. This information was known by Defendants.

17) Notwithstanding the Defendants' knowledge of plaintiff's primary financial objectives and his risk averseness, Defendants recommended that Claimant purchase a number of high risk stock in various publicly-traded companies. These companies included Net Live Communications, Transco Energy, Enviro Voraxial Technologies, and CMAL Financial Corp. Between October, 1997 and January, 1998.

3

Complaint for Damages

1  Claimant purchased shares in these companies upon Respondents' recommendations, and
2  suffered losses in the approximate amount of $80,000.
3      18) At all times relevant to the events alleged in this complaint, plaintiff did
4  not have sufficient experience, training or understanding of investments or securities to
5  know how to protect and invest his money, and in particular did not have sufficient
6  knowledge or understanding to perceive the degree of risk attendant with various
7  investment vehicles.
8      19) At all times relevant to the events alleged in this complaint, defendants
9  knew that plaintiff did not have sufficient experience, training or understanding of
10 investments or securities to know how to protect and invest his portfolio. Defendants
11 knew that plaintiff did not have sufficient knowledge or understanding of investments to
12 be able to perceive the degree of risk attendant with various investment vehicles.
13     20) Defendants represented to plaintiff that they would render investment
14 advice to plaintiff that was suitable for plaintiff in light of his financial situation,
15 investment experience and financial objectives and goals, and in particular plaintiff's
16 goal of preservation of capital.
17     21) Defendants held themselves out to plaintiff to be experts with respect
18 to investments. Defendants knew with certainty that plaintiff's portfolio was to be
19 preserved and invested in safe, secure, prudent, and diverse assets.
20     22) Plaintiff is informed and believes and thereon alleges that Defendants
21 knew that plaintiff required their expertise and that plaintiff relied upon that expertise.
22 Plaintiff is informed and believes and thereon alleges that Defendants knew or should
23 have known that plaintiff did not know or understand the risks involved in the
24 investments being recommended to him, and was not sufficiently experienced or
25 sophisticated to evaluate the full extent of the risks being undertaken by defendants.
26     23) Plaintiff was induced to and in fact did rely on defendants'
27 recommendations to such an extent as to transfer virtual control over his money to
28 defendants.

4

Complaint for Damages

24) Plaintiff is informed and believes and thereon alleges that defendants received financial compensation or incentive for providing investment advice to plaintiff.

25) As a result of the events alleged in paragraphs 16 to 24 hereinabove, plaintiff placed his trust and confidence in defendants' investment advice and stock recommendations. Plaintiff relied on defendants' investment advice and followed their recommendations. Defendants undertook a special duty of care toward plaintiff.

26) The investment advice rendered to plaintiff by defendants was unsuitable and below the standard of care for professional investment advisors in that the stocks in which defendants recommended plaintiff invest were, among other things, in companies with little to no operating history, small capitalization, and little chance of long-term financial success.

27) Defendants made the recommendations alleged in paragraphs 16 to 24 hereinabove in order to increase defendants' commissions, fees and profits, knowingly and in reckless disregard of plaintiff's best interests.

28) In making the recommendations alleged in paragraphs 16 to 24 hereinabove, defendants knew or recklessly disregarded the fact that plaintiff lacked the experience and expertise necessary to evaluate those recommendations. Defendants knowingly and in reckless disregard of plaintiff's best interests engaged in unsuitable trading for plaintiff.

29) In making the recommendations alleged in paragraphs 16 to 24 hereinabove, defendants lulled plaintiff into a false belief that plaintiff would benefit from the investments being recommended, failed to adequately warn plaintiff of the risks to which his money was being exposed, failed to inform plaintiff of and suppressed material facts, and failed to disclose conflicts of interest.

30) The investment advice rendered by defendants violated generally accepted principles of investment advice under the prudent person standard, and was at odds with the investment objectives of plaintiff.

31) The sales of securities as alleged in paragraphs 16 to 24 hereinabove

5

1  were made by defendants by means of written and oral communications which included
2  untrue statements of material fact and which omitted to state material facts necessary to
3  make the statements not misleading. in light of the circumstances under which the
4  statements were made.  Said untrue statements and omissions of material fact include.
5  among others. that the companies had a solid operating history; and that the financial
6  prospects for these companies were sound.
7         32)  These representations made by defendants were in fact false and were
8  known by defendants to be false.  The true facts were that the companies did not have a
9  solid operating history; and the companies did not have realistic prospects of financial
10 success.
11        33) The misrepresentations and failures to disclose as described in
12 paragraphs 31 to 32 hereinabove were material in that a reasonable person would attach
13 importance to those matters in determining whether to purchase the stocks at issue. and
14 there is a substantial likelihood that a reasonable person would consider those matters
15 important in deciding whether to purchase the stocks at issue.
16        34)  As a result of the material misrepresentations described above. plaintiff
17 was damaged in the amount of his investment losses. in the approximate amount of
18 $80,000.
19        35)  In or about April. 2001. plaintiff commenced arbitration against
20 defendant ABBEY ASHFORD. with the NASD. At that time. ABBEY ASHFORD was
21 no longer a NASD member firm.
22        36) In connection with filing and prosecuting that arbitration claim.
23 plaintiff learned from public filings with the United States Securities Exchange
24 Commission  that the owners and control persons of ABBEY ASHFORD during the time
25 that plaintiff had his securities account at ABBEY ASHFORD were purportedly Robert
26 and Claire Peterson.
27        37) On or about January 8, 2002. the arbitrators appointed by the NASD to
28 hear plaintiff's claim decided to permit plaintiff to amend the arbitration claim to include

6

1  Robert and Claire Peterson as respondents.  Robert and Claire Peterson were served with
2  the arbitration claim in March. 2002. and appeared in the arbitration in April. 2002.
3      38) Between April. 2001. and November 28. 2005. the arbitration claim
4  was pending at the NASD.
5      39) On or about June 27. 2005. plaintiff learned for the first time that Robert
6  and Claire Peterson were not the true owners and control persons of ABBEY ASHFORD
7  during the time period that plaintiff had his account at ABBEY ASHFORD. At that time.
8  plaintiff learned from Robert Peterson that he had sold ABBEY ASHFORD to
9  defendants Moumneh, Harris. Idec. and Kennell. This sale was not reflected in the public
10 records and filings at the Securities Exchange Commission
11     40)  On or about November 28. 2005. the arbitrators dismissed the NASD
12 arbitration without prejudice. at plaintiff's request. so that plaintiff could pursue the true
13 owners of ABBEY ASHFORD in this civil action.
14     41) The aforementioned conduct of defendants was intentional. designed to
15 deprive plaintiff of property or legal rights or otherwise causing injury. and was
16 despicable conduct in that it subjected plaintiff to cruel and unjust hardships in conscious
17 disregard of plaintiff's rights. so as to justify an award of exemplary and punitive
18 damages against defendants.
19     WHEREFORE. plaintiff prays judgment against defendants. and each of
20 them. as hereinafter alleged.

**SECOND CAUSE OF ACTION**
(Joint and Several Liability of Management Principals)
(Against Defendants Moumneh. Idec & Kennell)

24     42) Plaintiff sets forth by reference as though fully set forth below each and
25 every allegation of Paragraphs 1 through 40 hereinabove.
26     43) Defendants Moumneh. Idec and Kennell were. at the time of the acts
27 alleged herein. persons who. directly or indirectly. controlled defendant ABBEY
28 ASHFORD.

7

1  44) Plaintiff is informed and believes and thereon alleges that defendants Moumneh, Idec and Kennell were principal members of the management of defendant ABBEY ASHFORD.

45) Plaintiff is informed and believes and thereon alleges that defendants Moumneh, Idec and Kennell materially assisted in the sales of securities that were made by misstatements of material facts, and omissions of a material fact necessary in order to make the statements made not misleading, as alleged in paragraphs 31 to 33 hereinabove.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter alleged.

### THIRD CAUSE OF ACTION
(Breach of Fiduciary Duty)
(All Defendants)

46) Plaintiff sets forth by reference as though fully set forth below each and every allegation of Paragraphs 1 through 40 hereinabove.

47) Defendants were fiduciaries to plaintiff, by virtue of the facts alleged hereinabove.

48) Defendants breached his fiduciary duties by engaging in the acts and omissions hereinabove alleged in paragraphs 16 to 34. In engaging in these acts, omissions and events, defendants were acting on behalf of and within the course and scope of their employment or agency with defendant ABBEY ASHFORD.

49) Defendants owed a fiduciary duty to plaintiff to select proper investments for him.

50) Defendants breached their fiduciary duties owed to plaintiff by engaging in the acts and omissions hereinabove alleged.

51) As a direct and proximate result of defendants' breaches of fiduciary duties owed to plaintiff, plaintiff suffered losses as described in paragraph 34 hereinabove.

52) The aforementioned conduct of defendants was intentional, designed to deprive plaintiff of property or legal rights or otherwise causing injury, and was

8

Complaint for Damages

despicable conduct in that it subjected plaintiff to cruel and unjust hardships in conscious disregard of plaintiff's rights. so as to justify an award of exemplary and punitive damages against defendants.

WHEREFORE. plaintiff prays judgment against defendants. and each of them. as hereinafter alleged.

## FOURTH CAUSE OF ACTION
(Fraud)
(All Defendants)

53) Plaintiff sets forth by reference as though fully set forth below each and every allegation of Paragraphs 1 through 40 hereinabove.

54) Beginning in or about October. 1997. and on numerous occasions thereafter. defendants made the representations. and concealed facts. as alleged in hereinabove.

55) When defendants made the representations alleged hereinabove. defendants knew them to be false and made these representations with the intention to deceive and defraud plaintiff and to induce plaintiff to act in reliance on these representations in the manner hereafter alleged. or with the expectation that plaintiff would so act.

56) At the time defendants made these representations and at the time plaintiff took the actions herein alleged. plaintiff was ignorant of the falsity of defendants' representations and believed them to be true. In reliance on these representations. plaintiff was induced to and did invest in stocks as alleged hereinabove. Had plaintiff known the true facts. plaintiff would not have invested as he did.

57) In the alternative. defendants failure to disclose and their suppression of the facts alleged hereinabove was likely to mislead plaintiff and did in fact mislead plaintiff in light of the other representations made by defendants concerning the performance and prospects of the recommended investments. The representations. failures to disclose information and suppressions of information were made with the

9

intent to induce plaintiff to act in the manner herein alleged. in reliance thereon. Plaintiff was ignorant of the existence of the facts that defendants suppressed and failed to disclose. If plaintiff had been aware of the existence of the facts not disclosed by defendants. plaintiff would not have invested as he did.

58) As a proximate result of the fraudulent conduct of defendants as hereinabove alleged. plaintiff was damaged in an amount not yet ascertained but which is in the approximate amount of $80.000. plus interest.

59) The aforementioned conduct of defendants was intentional. designed to deprive plaintiff of property or legal rights or otherwise causing injury. and was despicable conduct in that it subjected plaintiff to cruel and unjust hardships in conscious disregard of plaintiff's rights. so as to justify an award of exemplary and punitive damages against defendants.

WHEREFORE. plaintiff prays judgment against defendants. and each of them. as hereinafter alleged.

### FIFTH CAUSE OF ACTION
(Negligent Misrepresentation)
(All Defendants)

60) Plaintiff sets forth by reference as though fully set forth below each and every allegation of Paragraphs 1 through 40 hereinabove.

61) When defendants made the representations identified hereinabove. defendants had no reasonable ground for believing them to be true. Defendants made these representations with the intention of inducing plaintiff to act in reliance on these representations in the manner alleged hereinabove. or with the expectation that plaintiff would so act.

WHEREFORE. plaintiff prays judgment against defendants. and each of them. as hereinafter alleged.

### SIXTH CAUSE OF ACTION
(Professional Negligence)

Complaint for Damages

(All Defendants)

62) Plaintiff sets forth by reference as though fully set forth below each and every allegation of Paragraphs 1 through 40 hereinabove.

63) Due to the events as alleged hereinabove, defendants owed plaintiff professional duty of care in rendering investment advice and selecting investments appropriate for plaintiff.

64) The conduct alleged hereinabove constitutes breaches of duties defendants owed to plaintiff.

65) These breaches are the proximate cause and the cause in fact of plaintiff's damages, as alleged hereinabove.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter alleged.

### SEVENTH CAUSE OF ACTION
(Financial Abuse of Elder)
(All Defendants)

66) Plaintiff sets forth by reference as though fully set forth below each and every allegation of Paragraphs 1 through 40 hereinabove.

67) The defendants' conduct alleged hereinabove constituted financial abuse of an elder, under California Welfare & Institutions Code section 15610.30.

68) In addition to compensatory damages as alleged hereinabove, plaintiff is entitled to recover attorneys fees expended in this action pursuant to California Welfare & Institutions Code section 15657(a).

69) Defendants' conduct alleged hereinabove was willful and was intended to cause injury to plaintiff. Plaintiff is therefore entitled to an award of exemplary or punitive damages.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages in the amount of $80,000, or more, according to

Complaint for Damages

1 | proof;
2 |     2. For attorneys' fees, pursuant to California Welfare & Institutions Code
3 | section 15657(a);
4 |     3. For punitive damages;
5 |     4. For costs of suit herein incurred; and
6 |     5. For such other and further relief as the court may deem proper.
7 |
8 | Dated: June 27, 2007
9 |                             Timothy A. Canning
                            Attorney for Plaintiff Aldo Maggiora

12

Complaint for Damages